**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 23-4200**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GEOFFREY LEDON LEE,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  James C. Dever III, District Judge.  (2:21-cr-00032-D-1)

─────────

Submitted:  February 22, 2024                    Decided:  February 27, 2024

─────────

Before NIEMEYER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

**ON BRIEF:** Joseph L. Bell, Jr., BATTS, BATTS & BELL, LLP, Rocky Mount, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Geoffrey Ledon Lee appeals his conviction and the 120-month sentence imposed after he entered a straight-up guilty plea to conspiracy to distribute and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846. Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), indicating that he has found no meritorious issues for appeal, but suggesting two issues for review, to wit: whether the district court (1) erroneously calculated the drug weight for which Lee was held responsible; and (2) imposed a substantively unreasonable sentence. The Government has declined to file a response brief, and Lee has not filed a pro se supplemental brief despite being informed of his right to do so. Finding no error, we affirm.

We review a criminal "sentence[ ]—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." *Id.* at 51. If there is no significant procedural error, we then consider the substantive reasonableness of the sentence. *Id.*; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016) (internal quotation marks omitted). "Such a presumption can only be rebutted by showing that the sentence is unreasonable

2

when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Counsel suggests that the district court erroneously calculated Lee's Guidelines range by finding Lee responsible for 4,729.15 kilograms of converted drug weight. According to counsel, the district court should not have relied on statements Lee's coconspirator made to law enforcement to calculate the drug weight. But it is well established that "[t]he calculation of the amount of drugs which results in the establishment of the base offense level is a factual determination subject to review only for clear error." *United States v. Hicks*, 948 F.2d 877, 881 (4th Cir. 1991). And "[w]hen reviewing factual findings for clear error, we particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility." *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) (cleaned up).

Here, the district court made it abundantly clear that it credited law enforcement's testimony that the coconspirator's statements were corroborated and, thus, we defer to the court's credibility determination. *See id.* The district court further explained that it also relied on what it determined were conservative drug weight calculations contained in Lee's presentence report ("PSR"). Absent an affirmative showing of error in the PSR, the district court was free to adopt and rely on the information contained therein to calculate Lee's Guidelines range. *See United States v. Randall*, 171 F.3d 195, 210-11 (4th Cir. 1999) ("If the district court relies on information in the [PSR] in making findings, the defendant bears the burden of establishing that the information relied on by the district court in making its findings is incorrect; mere objections are insufficient.").

3

We also reject counsel's suggestion that Lee's sentence is substantively unreasonable. In this regard, counsel contends that the district court imposed an unreasonable sentence because it refused to sentence Lee to the bottom of his Guidelines range, even though Lee suffers from physical limitations caused by a stroke he suffered in 2011. But the district court expressly considered Lee's physical limitations and exercised its discretion in finding that the limitations did not warrant a lesser sentence. As Lee has failed to rebut the presumption of reasonableness afforded his within-Guidelines sentence, we defer to the district court's decision to impose the 120-month sentence. *See United States v. Yooho Weon*, 722 F.3d 583, 590 (4th Cir. 2013) ("In analyzing a sentence for substantive reasonableness, we consider the sentence under a deferential abuse-of-discretion standard, whereby we must defer to the trial court and can reverse a sentence only if it is unreasonable, even if the sentence would not have been the choice of the appellate court." (internal quotation marks omitted)).

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Lee, in writing, of the right to petition the Supreme Court of the United States for further review. If Lee requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lee. We dispense with oral argument because the facts and legal contentions

4

are adequately presented in the materials before this court and argument would not aid the

decisional process.

*AFFIRMED*